| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **AREDIA® AND ZOMETA® PRODUCTS** | ) | |
| **LIABILITY LITIGATION** | ) | |
| | ) | **No. 3:06-MD-1760** |
| **(MDL No. 1760)** | ) | **Judge Campbell/Brown** |
| | ) | |
| **This Document Relates to:** | ) | |
| **3:6-cv-01031 (*Martin*)** | ) | |

## ORDER

Before the court is an amended motion to substitute and a second amended motion to substitute. (MDL Docs. 7193, 7266; Related Case 58, 64) Defendant Novartis Pharmaceuticals Corporation (NPC) has filed a response in opposition to the motions and moved to dismiss. (MDL Doc. 7276; Related Case 65)

Plaintiff Shelly Martin died on October 1, 2007 following which a suggestion of death was filed on March 6, 2008. (MDL Doc. 1224; Related Case 9) A subsequent motion to substitute the late Shelly Martin's mother, Wanda Sue Martin (Ms. Martin), was granted on June 6, 2008. (MDL Docs. 1394, 1397; Related Case 10-11)

NPC filed a motion on July 23, 2013 to vacate the court's June 6, 2008 order and to dismiss this case with prejudice. (MDL Doc. 6838; Related Case 43) NPC argued that plaintiff failed to comply with Rule 25(a), Fed. R. Civ. P and the Case Management Order. (MDL Doc. 6838; Related Case 43) More particularly, NPC argued that the original motion to substitute Ms. Martin was granted based on the misrepresentations of counsel and, as such, there had not been a proper party in this case for more than six years.

The Magistrate Judge entered a Report and Recommendation (R&R) on September 23, 2013 in fourteen cases – including this one – recommending that all pending motions to dismiss be denied,

that the plaintiffs be ordered "to comply immediately with the substitution requirements under Rule 25(a) and ¶ V of the CMO," and that the plaintiffs be ordered to do one of the following within 30 days of the date of entry of the order accepting and adopting the R&R:

1. Open probate in accordance with ¶ V of the CMO and file copies of letters of administration/letters testamentary issued by competent state authority to show that plaintiffs have the legal capacity under applicable state law to represent these cases upon remand.

2. Provide proof that probate has been opened in those cases above in which letters of administration/letters testamentary have not yet been issued, with an estimate as to when those letters will be issued.

3. Provide appropriate law and argument if it is contended that there is an alternative procedure under state law to appoint a personal representative of a deceased plaintiff's estate.

(MDL Doc. 7011, p. 2; Related Case 50)  The R&R further recommended that counsel be put on notice that "failure to comply with the Rule 25(a), the CMO, or this order by the times specified could result in the respective cases being dismissed with prejudice and/or sanctions imposed for failure to obey the orders of the court." (MDL Doc. 7011, p. 2; Related Case 50)  The District Judge adopted and approved the R&R on November 5, 2013.  (MDL Doc. 7107; Related Case 55)

Ms. Martin's amended motion for substitution provides law and argument as to why she is a proper plaintiff under Arkansas law.  (MDL Doc. 7193; Related Case 58)  Ms. Martin's second amended motion for substitution provides the court with a copy of letters testamentary issued to her by the Circuit Court of Craighead County, Arkansas ("the Craighead County Circuit Court") and an order of the Craighead County Circuit Court reopening the estate of Shelly Martin and appointing Ms. Martin as the personal representative of her late daughter's estate.  (MDL Doc. 7266, Ex. A-B; Related Case 64)  Related Case 65)  NPC argues in its response that the actions of the Craighead County Circuit Court were contrary to Arkansas law.  (MDL Doc. 7276; Related Case 65)

For good cause shown, plaintiff's motion to substitute as amended (MDL Docs. 7193, 7266; Related Case 58, 64) is **GRANTED**.  NPC's renewed motion to dismiss (MDL Doc. 7276; Related Case 65 ) is **DENIED** without prejudice as a matter best left to the judgment of the remand court as previously explained in MDL Docs. 7298 and 7312.

The parties **SHALL** complete fact discovery in this case not later than June 2, 2014.  The parties shall jointly notice the court as soon as this case is ready for suggestion of remand.  No extensions of time will be granted absent good cause shown.

It is so **ORDERED**.

**ENTERED** the 7th Day of April, 2013.

/s/Joe B. Brown
Joe B. Brown
United States Magistrate Judge